**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **LINDA RAJNAUTH-SURALIE,** | | |
| | * | |
| **Plaintiff,** | | |
| | * | |
| **v.** | | **Case No.: PWG 20-cv-3175** |
| | * | |
| **DR. STEVEN L. RATTNER, DDS, PA** | * | |
| **AND ASSOCIATES** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Linda Rajnauth-Suralie, proceeding *pro se*, filed this lawsuit against Steven L. Rattner, DDS, PA and Associates ("Dr. Rattner") alleging national origin and color discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Compl. ¶ 3, ECF No. 1; Am Compl. ¶ 1, ECF No. 9. Currently pending is Defendant's Motion to Dismiss, ECF No. 10. I have reviewed the filings[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Defendant's motion will be GRANTED.

**BACKGROUND**

For purposes of considering a motion to dismiss, this Court accepts the facts that Plaintiff alleged in her Complaint as true.  *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011). Additionally, the pleadings of *pro se* litigants are liberally construed and "held to less stringent

---

[1]     This motion is fully briefed. Mot. Mem., ECF No. 10; Pl.'s Resp., ECF No. 12; Def's Reply, ECF No. 13.

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)).

Dr. Linda Rajnauth-Suralie, at all times relevant to this litigation, was employed by Dr. Steven L. Rattner, DDS, PA and Associates. Am. Compl. ¶ 3. Dr. Rajnauth-Suralie, a 62-year-old Native Trinidadian, alleges that she was discriminated against by her former employer, Dr. Rattner. *Id.* ¶ 5. Dr. Rajnauth-Suralie began employment with Dr. Rattner as a periodontist in 1994 and continued in this capacity until sometime in March 2020. *Id.* ¶¶ 3-5. During this time, Dr. Rajnauth-Suralie was classified as an independent contractor. *Id.* ¶ 3. Upon receiving a repayment request from her insurance company for a $56,000 financial loss, Dr. Rajnauth-Suralie sought professional advice from a Certified Public Accountant ("CPA"). *Id.* ¶ 4. Dr. Rajnauth-Suralie's CPA advised her that she was misclassified as an independent contractor when her relationship with Dr. Rattner was that of an employee. *Id.*

Dr. Rajnauth-Suralie alleges that Dr. Rattner discriminated against her by misclassifying her as an independent contractor when she was an employee. *Id.* ¶¶ 4-5. Dr. Rajnauth-Suralie alleges that she notified Dr. Rattner, based on her CPA's advice, that she was illegally misclassified as an independent contractor and should be reclassified as an employee. *Id.* Dr. Rattner denied her request to be reclassified. *Id.* ¶ 5. Dr. Rajnauth-Suralie also alleges that Dr. Rattner denied her health benefits. *Id.* ¶ 4. Additionally, Dr. Rajnauth-Suralie alleges that Dr. Rattner told her "she was 'too old' to be added to the insurance due to her age…[and] that [her] older age, as compared with other employees, would cause an increase to [Dr. Rattner's] premiums considerably." *Id.* And in her Equal Employment Opportunity Commission ("EEOC") complaint, Dr. Rajnauth-Suralie alleges that Dr. Rattner told her she "could not be an employee with benefits because [she] did not work full-time." EEOC Compl. 1, ECF No. 9-8. However, in that same complaint, Dr. Rajnauth-

Suralie alleges that two other individuals, twenty-two years younger than her, worked part time and were classified as employees with benefits. *Id.*

Further, Dr. Rajnauth-Suralie alleges that she was treated less favorably than other regular employees. Am. Compl. ¶ 4. For example, Dr. Rajnauth-Suralie alleges that Dr. Rattner routinely paid her late while other employees were always paid on time. *Id.* ¶¶ 3-4. Additionally, Dr. Rajnauth-Suralie alleges that Dr. Rattner controlled her vacation and leave time. *Id.* ¶ 3. Specifically, Dr. Rajnauth-Suralie submits exhibits that she claims reflect Dr. Rattner's requiring her not to take leave because other employees were already taking leave during that time. *Id.* Dr. Rajnauth-Suralie alleges that Dr. Rattner violated Title VII by refusing to reclassify her so that he could "save money in his taxes." *Id.* ¶ 6. Dr. Rajnauth-Suralie stated that she would not return to work until the misclassification issue was resolved *Id.* ¶ 5.

On August 6, 2020, Dr. Rajnauth-Suralie timely filed a Charge of Discrimination with the EEOC alleging that she had been discriminated against on the basis of her color, national origin and age. EEOC Compl. 1. She alleged in her EEOC complaint that Dr. Rattner constantly harassed her to return to work, and eventually told her to file for unemployment. *Id.* On August 14, 2020, Dr. Rajnauth-Suralie received notice that the EEOC had dismissed her claim and an accompanying right to sue notice. Dismissal and Notice of Rights Form, ECF No. 1-5. On October 30, 2020, she filed an action against Dr. Steven L. Rattner, DDS, PA and Associates in the District Court of Maryland. ECF No. 1.

On April 23, 2020, in accordance with my Letter Order Regarding the Filing of Motions, ECF No. 2, Dr. Rattner requested leave to file a Motion to Dismiss. ECF No. 6. I granted Dr. Rajnauth-Suralie the opportunity to amend her Complaint, which resulted in the filing of an

Amended Complaint on January 21, 2021, ECF No. 9. Dr. Rajnauth-Suralie's Amended Complaint

includes four causes of action:

- National Origin and Color Discrimination;

- Age Discrimination;

- Retaliation; and

- Unlawful and Unfair Business Practices

Am. Compl. ¶¶ 6-9. Dr. Rattner subsequently filed a Motion to Dismiss the Amended Complaint

for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a

claim pursuant to Fed. R. Civ. P. 12(b)(6). Mot., ECF No. 10. Dr. Rattner asserts that this Court

lacks subject matter jurisdiction over Dr. Rajnauth-Suralie's claim because Title VII claims are

reserved for employees and Dr. Rajnauth-Suralie is an independent contractor. Mot. Mem. 2, ECF

No. 10-1. Alternatively, Dr. Rattner asserts that Dr. Rajnauth-Suralie has failed to state a claim

against him where the relief prayed for may be granted. *Id.*

Dr. Rajnauth-Suralie counters that she has successfully stated a Title VII claim and that

Dr. Rattner's misclassification denied her rights, terms, and conditions of an employment

relationship. Pl's Resp. 1, ECF No. 12. Additionally, she asserts that the Court has subject matter

jurisdiction pursuant to her EEOC right-to-sue-letter. *Id.* Dr. Rattner filed a reply to Dr. Rajnauth-

Suralie's opposition to the Motion to Dismiss reasserting that this Court does not have subject

matter jurisdiction over the complaint and contending that Dr. Rajnauth-Suralie has had three

opportunities to state a claim and has still failed to do so. Def's Reply, ECF No. 13. Dr. Rattner

argues that the EEOC's right-to-sue-letter is for documentation purposes to show that Dr.

Rajnauth-Suralie has exhausted her administrative remedies, but it does not serve for a basis of

this Courts subject matter jurisdiction over the case. *Id.*

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. Civil Action No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

When a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," as Defendant does here, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see Fianko v. United States*, No. PWG-12-2025, 2013 WL 3873226, at *4 (D. Md. July 24, 2013). Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied

if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *see In re KBR, Inc., Burn Pit Litig.*, 925 F. Supp. 2d 752, 758 (D. Md. 2013) (quoting *Kerns*). This Court must act "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted). When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co*., 166 F.3d 642, 647 (4th Cir. 1999); *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2-3 (D. Md. Apr. 12, 2011). However, if the Court considers matters outside the pleadings, the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd.*

*v. Highland Consulting Group, Inc.*, No. RDB-12-318, 2013 WL 139194, at *2 (D. Md. Jan. 10, 2013).

Additionally, federal case law is clear that a *pro se* litigant's pleadings are held to a "less stringent standard[] than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The complaint of a *pro se* litigant "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citing *Haines*, 404 U.S. at 520).

## DISCUSSION

Defendant has moved to dismiss each of Plaintiff's claims. The Court will first address subject matter jurisdiction because it involves the court's power to hear a case, it cannot be waived or forfeited, and courts have an independent obligation to ensure that subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  If this Court has subject matter jurisdiction, I shall then address each of Plaintiff's claims in turn.

**I.     Subject Matter Jurisdiction**

Dr. Rattner asserts that this Court lacks subject matter jurisdiction over Dr. Rajnauth-Suralie's claim because she is an independent contractor and not an employee; therefore, she cannot bring a claim under Title VII. Mot. Mem. 1. But the Fourth Circuit continuously has held that in "cases where the jurisdictional facts are intertwined with the facts central to the merits of the dispute[,]" the appropriate action is to allow "the entire factual dispute [to be] resolved only by a proceeding on the merits." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see United States v. North Carolina*, 180 F.3d 574, 580-81 (4th Cir. 1999) (citation omitted) (holding that the jurisdictional issue and the merits of the case were "so closely related that the jurisdictional issue is not suited for resolution in the context of a motion to dismiss for lack of subject matter

jurisdiction."); *Schalk v. Associated Anesthesiology Prac.*, 316 F. Supp. 2d 244, 248-49 (D. Md. 2004) (stating that resolution at the motion to dismiss stage is inappropriate when a case presents jurisdictional facts intertwined with the facts central to the merits of the dispute); *McGinnis v. Se. Anesthesia Assocs., P.A.*, 161 F.R.D. 41, 44 (W.D.N.C. 1995) (declining to resolve the case on a 12(b)(1) motion because an element of a Title VII claim is whether the plaintiff was an employee, therefore, the jurisdictional issue was "intertwined with the facts central to the merits of the dispute.").

Here, Dr. Rajnauth-Suralie brings her claim pursuant to Title VII, which is also cited as a basis for this Court's jurisdiction. Am. Compl. ¶ 2. The dispute between the parties is whether Dr. Rajnauth-Suralie is an independent contractor or an employee. If Dr. Rajnauth-Suralie is an employee, then the Court clearly has jurisdiction. Alternatively, if Dr. Rajnauth-Suralie is an independent contractor, the Court will not have jurisdiction. Therefore, "'the question of jurisdiction'—i.e., Plaintiff's status as an employee or a contractor—'is dependent on resolution of factual issues going to the merits' and, accordingly, is inappropriate for resolution on a motion to dismiss." *Rogler v. Leavitt*, No. CIV. WMN-07-726, 2007 WL 7699585, at *1 (D. Md. Nov. 29, 2007) (citation omitted). Although the jurisdictional issue is of importance, the issue of deciding whether Dr. Rajnauth-Suralie is an independent contractor or an employee is intertwined with the facts central to the merits of the dispute. Accordingly, it is more appropriate to resolve this issue at a future proceeding on the merits of Dr. Rajnauth-Suralie's claim. *Id.*

## II.    Title VII Claims

Dr. Rajnauth-Suralie's national origin and color discrimination claims are raised pursuant to Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer to "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,

color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). In the Fourth Circuit, it is well established that before pursuing a Title VII suit in federal court, a plaintiff is required to "exhaust administrative remedies by filing a charge with the EEOC." *Snydor v. Fairfax Cnty*, 681 F.3d 591, 593 (4th Cir. 2012); 42 U.S.C. § 2000e-5(b), (f)(1).

A plaintiff may establish "liability under Title VII by employing two methods of proof (1) 'demonstrating through direct or circumstantial evidence that [their race or sex] was a motivating factor in the employer's adverse employment action' or (2) relying on the burden shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213-14 (4th Cir. 2007)). In cases where a plaintiff does not allege acts of direct discrimination, "her claims [will] be evaluated under the *McDonnell Douglas* framework." *Vaziri v. Levindale Hosp./Life Bridge Health*, No. CV ELH-17-1553, 2018 WL 1211540, at *9 (D. Md. Mar. 8, 2018) (citations omitted). A plaintiff may establish a *prima facie* case of discrimination under the *McDonnell Douglas* framework by demonstrating: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citation omitted).

### A.     Dr. Rajnauth-Suralie Failed to Exhaust Her Administrative Remedies as to her Retaliation Claim

In the Fourth Circuit, it is well-established that to bring an employment discrimination claim in Federal Court under Title VII, a plaintiff must first "exhaust his administrative remedies by filing a discrimination charge with the EEOC."  *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005) (citation omitted); *Sloop v. Mem'l Mission Hosp.*, 198 F.3d 147, 148 (4th Cir. 1999) ("It is axiomatic that a claimant under Title VII must exhaust his administrative remedies by raising his

claim before the EEOC."); *Taylor v. Va. Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999) ("In order to assert a Title VII claim in Federal Court, a plaintiff must have exhausted her administrative remedies with respect to the claim.").

To determine whether plaintiffs have exhausted their administrative remedies regarding their claims, courts "give credit for charges stated in [the] administrative charging document, as well as 'charges that would naturally have arisen from an investigation thereof.'" *Parker v. Reema Consulting Servs. Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Dennis v. Cnty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995)); *Bryant v. Bell Atl. Md. Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (noting that "[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit."). Thus, "a plaintiff fails to exhaust [her] administrative remedies where . . . [her] administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [her] formal lawsuit." *Snydor*, 681 F.3d at 593 (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005)).

The Fourth Circuit has made clear that "[w]hile it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." *Id.* at 594. Therefore, "so long as 'a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation,' she 'may advance such claims in her subsequent civil suit.' *Id.* citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir.2000).

Here, Dr. Rajnauth-Suralie filed an official Charge of Discrimination with the EEOC on August 6, 2020. *See* EEOC Compl. 1. The charge alleges that Dr. Rajnauth-Suralie was discriminated against by Dr. Rattner, through his dental practice, based on her color, national origin, and age. *Id.* Dr. Rajnauth-Suralie's EEOC charge makes no mention of a retaliation cause

of action. *See id*. Dr. Rajnauth-Suralie's EEOC complaint states: "In May, Dr. Rattner constantly harassed me to return to work. He then told me to apply for unemployment. He has not contacted me since June." *Id.* There is nothing in the EEOC charge to raise an inference that Dr. Rattner retaliated against Dr. Rajnauth-Suralie after she informed him that she was misclassified as an independent contractor. Dr. Rajnauth-Suralie's only claim is that Dr. Rattner rejected her request to be classified as an employee and that when she stopped going to work, due to his rejection of her claim, he eventually advised her to file for unemployment after requesting her to return to work. There are no allegations in the EEOC charge that Dr. Rajnauth-Suralie was threatened in any way for consulting with her CPA, nor for requesting to be classified as an employee. Indeed, the only conduct alleged in the EEOC complaint was that Dr. Rattner requested Dr. Rajnauth-Suralie to continue to report to work and when she did not, she alleges that he advised her to file for unemployment. *See* EEOC Compl. 1.

Administrative investigation of Dr. Rajnauth-Suralie's retaliation claim could not have been reasonably expected based on the contents of her EEOC charge. Additionally, there is nothing to show that such investigation was conducted. Therefore, Dr. Rajnauth-Suralie's retaliation claim is dismissed for failure to exhaust her administrative remedies. The claim is dismissed with prejudice because Dr. Rajnauth-Suralie cannot cure this deficiency.[2]

---

[2] "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court. . . . When a plaintiff fails to state a claim, he should generally be given a chance to amend the complaint . . . before the action is dismissed with prejudice. But, dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (citations omitted).

**B.      Dr. Rajnauth-Suralie Fails to State A National Origin and Color Discrimination Claim**

At the motion to dismiss stage, a plaintiff is not required to "plead facts sufficient to establish a prima facia case" of discrimination under the *McDonnell Douglas* framework. *Woods v. City of Greensboro*, 855 F.3d 639, 647-48 (4th Cir. 2017). Rather, a plaintiff must plead facts sufficient "to support a plausible claim," thereby allowing the court to "draw the reasonable inference that the defendant is liable for the alleged misconduct." *Id.* (quoting *Iqbal*, 556 U.S. at 678). In assessing the pleadings, "vague claims of differing treatment" will not suffice to support allegations that conduct was racially motivated. *Jackson v. Maryland*, 171 F. Supp. 2d 532, 541 (D. Md. 2001). Further, in the absence of comparator evidence "to establish circumstances giving rise to an inference of unlawful discrimination," *Swaso*, 698 F. App'x at 748, there must be sufficient factual allegations of differing treatment to "nudg[e] [such] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). A plaintiff bringing a claim of discrimination based on national origin must allege that their "employer took an adverse employment action against [them] for a discriminatory reason." *Chaplin v. Du Pont Advance Fiber Sys.*, 293 F. Supp. 2d 622, 626 (E.D. Va. 2003) (citation omitted). Additionally, plaintiff "must allege that his employment status suffered [because of the discrimination]." *Id.* at 627. Finally, a plaintiff asserting a claim of national origin-based discrimination under Title VII must show that "the 'national origin group' to which they belong is a protected class." *Id.* at 628. (citation omitted).

The facts pleaded by Dr. Rajnauth-Suralie in her amended *pro se* complaint cannot be construed to plausibly state a claim of national origin and color discrimination. Liberally construing her allegations, Dr. Rajnauth-Suralie has alleged that Dr. Rattner denied her leave benefits and healthcare coverages, which other employees at Dr. Rattner's dental practice were afforded. Am. Compl. ¶ 3. Further, Dr. Rajnauth-Suralie alleges that she was routinely paid late while working for Dr. Rattner's dental practice while other employees were always paid on time. *Id.* Dr. Rajnauth-Suralie also alleges that "other employees were treated more favorably" than she was. *Id.* ¶ 4. Finally, Dr. Rajnauth-Suralie alleges that Dr. Rattner denied her leave and vacation time and participation in the practices' 401k retirement program, which all other employees were offered. *Id.*

Accepting all these factual allegations as true, Dr. Rajnauth-Suralie fails to state a plausible claim that an adverse employment action resulted from unlawful discrimination against her based on her national origin or color. Dr. Rajnauth-Suralie pleaded that she is a member of a protected class because she was born in the country of Trinidad and is a person of a darker skin color. Am. Compl. ¶¶ 5-6. In her EEOC complaint, she also alleges that three dentists from Dr. Rattner's practice who were lighter skinned, were classified as employees and received benefits. EEOC Compl. 1. While Dr. Rajnauth-Suralie alleges that she was denied vacation time to Trinidad while other employees were permitted to take leave during that time, there is nothing to suggest that Dr. Ratner did this because of her race or national origin. Furthermore, Dr. Rajnauth-Suralie does not provide the national origins of the other employees, nor does she put forth any basis to suggest that her national origin was the motivating factor in the denial of these benefits.

Dr. Rajnauth-Suralie's claims, without any factual support, are simply conclusory allegations and, by themselves, cannot "support a reasonable inference" of national origin and

color discrimination. *McCleary-Evans v. Md. Dept. of Trans.*, 780 F.3d 582, 586 (4th Cir. 2015) (citation omitted). I have construed Dr. Rajnauth-Suralie's pleadings liberally, but "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC,* 959 F.3d 605, 618 (4th Cir. 2020). Therefore, Dr. Rajnauth-Suralie's national origin and color discrimination claim is dismissed for failure to allege facts allowing an inference that Dr. Rattner, through his dental practice, discriminated against her based on her national origin and color.  The claim is dismissed without prejudice.

### C.    Dr. Rajnauth-Suralie Fails to State a Claim of Constructive Discharge

Dr. Rajnauth-Suralie also alleges that she suffered a separate adverse employment action, categorizing her resignation as a constructive discharge. Am. Compl. ¶ 5. Dr. Rajnauth-Suralie claims that she was "constructively discharged from Defendant's employment because Defendant would not comply with federal income tax law." *Id.* It is well established that constructive discharge is a form of adverse employment action. *Boone v. Goldin*, 178 F.3d 253, 255–56 (4th Cir. 1999), *abrogated on other grounds by Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006); *Cohens v. Md. Dep't of Human Resources*, No. WDQ-11-3419, 2013 WL 3944451, at *5 (D. Md. July 30, 2013); *Banhi v. Papa John's USA, Inc.*, No. RWT-12-665, 2013 WL 3788573, at *6 (D. Md. July 18, 2013). "Constructive discharge occurs when an employee resigns because the 'employer deliberately makes the working conditions intolerable in an effort to induce the employee to quit.'" *Banhi*, 2013 WL 3788573, at *6 (quoting *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 186–87 (4th Cir. 2004)).

To state a claim for constructive discharge, the plaintiff must plead facts to show that "[she] was discriminated against by [her] employer to the point where a reasonable person in [her] position would have felt compelled to resign." *Green v. Brennan*, 578 U.S. 547, 136 S. Ct. 1769, 1777, 195 L. Ed. 2d 44 (2016) (citation omitted). Notably, "[d]issatisfaction with work

assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *Cohens*, 2013 WL 3944451, at *6 (quoting *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994)). The Fourth Circuit has stated that a plaintiff's allegations that "her supervisors yelled at her, told her she was a poor manager and gave her poor evaluations, chastised her in front of customers, and once required her to work with an injured back . . . , even if true, do not establish the objectively intolerable working conditions necessary to prove a constructive discharge." *Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004).

After Dr. Rajnauth-Suralie requested to be classified as an employee, Dr. Rattner denied the request, but he repeatedly asked Dr. Rajnauth-Suralie to continue working. EEOC Compl. 1. Dr. Rajnauth-Suralie chose to refrain from working until the matter was properly resolved. Dr. Rajnauth-Suralie does not allege that Dr. Rattner's actions prohibited her from completing her work after the issue of her classification arose. The only action alleged by Dr. Rajnauth-Suralie is Dr. Rattner's refusal to change her tax documentation to employee status and Dr. Rattner's failure to take the matter seriously by replying "LOL" when she requested her classification be changed to that of an employee. Am. Compl. ¶ 5. This, by itself, is not sufficient to support an inference that Dr. Rattner constructively discharged Dr. Rajnauth-Suralie. Therefore, Dr. Rajnauth-Suralie's constructive discharge claim shall be dismissed without prejudice.

### III.   Dr. Rajnauth-Suralie's Amended Complaint Fails to State A Claim for Age Discrimination

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To succeed on an ADEA discrimination claim, a plaintiff ultimately "must prove, by a preponderance of the

evidence . . ., that age was the 'but for' cause of the challenged employer decision." *Bodkin v. Town of Strasburg*, 386 F. App'x 411, 413 (4th Cir. 2010) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)). Similar to a Title VII claim, a plaintiff may prove an ADEA claim "in either of two ways: (1) through presentation of direct evidence of intentional discrimination; or (2) through the burden-shifting framework" established in *McDonnell Douglas*, 411 U.S. 792. *Fisher v. Winston-Salem Police Dep't*, 28 F. Supp. 3d 526, 529 (M.D.N.C. 2014).

At the motion to dismiss stage, a plaintiff in an employment discrimination suit need not commit to either the direct or indirect method of proving their claim. *Anglemyer v. WCS Constr., LLC*, Case No.: 8:18-cv-02198-PWG, 2019 WL 3458951, *3 (D. Md. Jul 31, 2019). What is required, rather, is that the plaintiff "allege facts to satisfy the elements of [the] cause of action created by [the] statute" under which they seek relief. *McCleary-Evans*, 780 F.3d at 585. Here, the pertinent statutory elements are twofold: first, that the employer discharged the plaintiff, and second, that it did so "because of such individual's age." § 623(a)(1).

Two Fourth Circuit cases on this point are especially illustrative. First in *Ray v. Amelia County Sheriff's Office*, the Court of Appeals noted that the complaint was sufficient because it had alleged "several possible reasons for the termination of [plaintiff's] employment that were related to [plaintiff's] age"—for example, that the employer wanted "younger-looking employees" at the front desk, wanted to replace the woman with someone who "was less familiar with official policies and procedures," and disapproved of the woman's "desire to utilize her accrued annual leave benefits." 302 F. App'x 209, 211-12 (4th Cir. 2009) (per curiam). Further, the *Ray* court found that the complaint could proceed past the pleading stage despite the inclusion of "other ostensible reasons why [plaintiff's] employment was terminated." *Id.* at 212.

Additionally, in *Buchhagen v. ICF International, Inc.*, the Court of Appeals found that plaintiff's complaint was sufficient despite the complaint including some behavior that "could be construed as problematic or even insubordinate." 545 F. App'x 217, 220 (4th Cir. 2019) (per curiam). While characterizing the issue as a "close question," the Fourth Circuit concluded that the inclusion of these facts "do[es] not foreclose her claim to relief at this stage of the proceedings, where [the court] is obligated to accept [the employee's] factual allegations as true and draw reasonable inferences in her favor." *Id.* Taken together, *Ray* and *Buchhagen* make clear that courts reviewing motions to dismiss ADEA claims must determine whether, despite references to facts that conceivably might undermine the plaintiff's theory, the complaint alleges enough facts to permit a plausible inference that age discrimination prompted the employer's decision. *Anglemyer, LLC*, 2019 WL 3458951, at *4 (citing *Woods v. City of Greensboro*, 855 F.3d 639, 649 (4th Cir. 2017)).

In the present case, Dr. Rajnauth-Suralie stated in her original *pro se* Complaint, a basis of jurisdiction pursuant to The Age Discrimination Act of 1967, as codified, 29 U.S.C. §§ 621 to 634. Compl. ¶ 3. However, in her Amended Complaint, Dr. Rajnauth-Suralie merges the age discrimination claim with her national origin and color discrimination claim under Title VII. Am. Compl. ¶¶ 6-7. While the Amended Complaint itself does not state a claim under the ADEA, Dr. Rajnauth-Suralie asserts the cause of action in her original Complaint and in the EEOC Complaint. Compl. ¶ 3; EEOC Compl. 1. Despite that, even if I liberally construe this discrepancy in the pleading requirements, Dr. Rajnauth-Suralie still has not met her burden. As discussed above, Dr. Rajnauth-Suralie failed to state a claim for constructive discharge. Additionally, there are no other facts alleged that Dr. Rajnauth-Suralie was terminated. Consequently, because there are no facts

to support an inference that Dr. Rajnauth-Suralie was discharged from her employment, she has failed to satisfy the first element of an ADEA claim.

In her Amended Complaint, Dr. Rajnauth-Suralie asserts that Dr. Rattner denied her healthcare benefits by telling her that "she was 'too old' to be added to the insurance due to her age." Am. Compl ¶ 4. Dr. Rajnauth-Suralie further asserts that Dr. Rattner said that her "older age, as compared with other employees, would cause an increase to his premiums considerably." *Id.* Additionally, Dr. Rajnauth-Suralie has also alleged that she is a member of the protected class. *Id.* ¶ 6. This allegation is supported by accompanying documents identifying that Dr. Rajnauth-Suralie was 62 years old when she filed her complaint with the EEOC in August 2020. EEOC Compl. 1. Further, the accompanying documents allege that Dr. Rattner told Dr. Rajnauth-Suralie she could not be an employee because she did not work full-time. *Id.* Dr. Rajnauth-Suralie alleges that at that same time, two other part-time dentists, who were at least twenty years younger than Dr. Rajnauth-Suralie, were classified as employees and received benefits. *Id.* Despite these allegations, Dr. Rajnauth-Suralie has failed to allege facts that these actions led to her termination.

I conclude, accordingly, that Dr. Rajnauth-Suralie has failed to allege facts that Dr. Rattner, through his dental practice, discriminated against her because of her age. Therefore, Dr. Rajnauth-Suralie ADEA claim is dismissed without prejudice.

## IV. Unlawful and Unfair Business Practices

The Maryland Consumer Protection Act ("MCPA") makes it unlawful for a person to "engage in any unfair, abusive, or deceptive trade practice." Md. Code Ann., Com. Law, § 13-303.[3] The General Assembly enacted MCPA "to set certain minimum statewide standards for the

---

[3]     For the purposes of this statute, "'person' includes an individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity." § 13-101.

protection of consumers across the State. . . ." § 13-102; *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 276 (Md. 2007) (citing § 13–101) (explaining that the legislature's intent for the CPA was to protect consumers); *Citaramanis v. Hallowell*, 328 Md. 142, 150–51, 613 A.2d 964, 968 (1992) ("[T]he Legislature has provided for a private action for damages by a consumer who has been subjected to a practice prohibited by the CPA.").

Though § 13-408 provides that "any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title[,]" it is clear that the statute was designed to protect consumers. § 13-101.1. § 13-101(c)(1) defines consumer as "an actual or prospective purchaser, lessee, or recipient of consumer goods, consumer services, consumer realty, or consumer credit." [4]

Here, Dr. Rajnauth-Suralie brings her claim pursuant to § 13-303 of the MCPA. Dr. Rajnauth-Suralie asserts that Dr. Rattner's conduct "has been and continues to be deleterious to [her] and it is also violative to the public in tax avoidance." Am. Compl. ¶ 8. Dr. Rajnauth-Suralie further alleges that Dr. Rattner "failed to investigate, correct and/or prevent the incidents of discrimination and harassment [that she experienced based on her] national origin, age, and dark skin color." *Id.* Accepting all these factual allegations as true, Dr. Rajnauth-Suralie fails to state a plausible claim under the MCPA because Dr. Rajnauth-Suralie was employed by Dr. Rattner's

---

[4]    Md. Code Ann., Com. Law § 13-101 (c)(2) "Consumer" includes:
(i) A co-obligor or surety for a consumer;
(ii) A licensee or recipient of computer information or computer programs under a consumer contract as defined in § 22-102 of this article;
(iii) An individual who sells or offers for sale to a merchant consumer goods or consumer realty that the individual acquired primarily for personal, household, family, or agricultural purposes; or
(iv) A fraternal, religious, civic, patriotic, educational, or charitable organization that purchases, rents, or leases goods or services for the benefit of the members of the organization.

dental practice and was not a consumer conducting business with the practice. Because Dr. Rajnauth-Suralie is not a "consumer" within the statutory definition, she has no cause of action against Dr. Rattner under the MCPA. While Dr. Rajnauth-Suralie has identified in her complaint that Dr. Rattner's conduct has caused harm both to her and the public, it does not negate the fact that Dr. Rajnauth-Suralie falls outside the scope of individuals that the statute is intended to protect. Thus, Dr. Rajnauth-Suralie's Unfair and Unlawful Business Practices claim is dismissed because the statute was created for consumer protection, and Dr. Rajnauth-Suralie is not a consumer withing the statutory definition.   Because Dr. Rajnauth-Suralie cannot cure this deficiency, this claim is dismissed with prejudice.

## CONCLUSION

In sum, Plaintiff's allegations against Defendant are insufficient to allege any actionable conduct or facts that support any colorable claims. Although it is difficult to conceive of legally sufficient facts to support these claims, I will afford Plaintiff's Amended Complaint liberal construction because I am mindful that Dr. Rajnauth-Suralie is a *pro se* litigant. *See Haines*, 404 U.S. at 520.  Accordingly, although I grant Defendants' Motion to Dismiss, not all claims are dismissed with prejudice.

## ORDER

For the foregoing reasons, it is hereby ORDERED that:

1.      Defendant's Motion to Dismiss, ECF No. 10, is GRANTED;

      a.      Plaintiff's First Cause of Action for Title VII Violations is DISMISSED WITHOUT PREJUDICE;

      b.      Plaintiff's Second Cause of Action for Retaliation and Third Cause of Action for Unlawful and Unfair Business Practices are DISMISSED WITH PREJUDICE;

      c.      Plaintiff's claims as construed for Constructive Discharge and for Age Discrimination under ADEA are DISMISSED WITHOUT PREJUDICE;

2.      The Clerk is directed to send a copy of this Memorandum Opinion and Order to Plaintiff at her address of record; and

3.      The Clerk is directed to CLOSE THIS CASE.


Date:   December 2, 2021                           _____/S/_____

                                                  Paul W. Grimm
                                                    United States District Judge